UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Jonathan LAYMAN                                                                         PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:17-CV-738-CRS

UNITED PARCEL SERVICE, INC.                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jonathan Layman's *Rule 59 Motion for a New Trial*. DN 44. Since this case was resolved on summary judgment, the Court construes the motion as one to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). In his motion, Layman raises for the first time the argument that Magistrate Judge Regina S. Edwards, to whom some aspects of this case were referred, should have recused herself. Her failure to do so, Layman alleges, resulted in her denying several of his discovery motions which "prevented the Plaintiff from obtaining basic discoverable information" and, ultimately, to the granting of summary judgment in favor of Defendant United Parcel Service, Inc. ("UPS").

In support of his motion, Layman cites to 28 U.S.C. § 455(b)(2), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself . . . [w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." Recusal was required in this matter, he argues, because Judge Edwards was previously employed at Frost Brown Todd LLC, the firm which represents UPS in this action.

The Court finds that Layman's argument is untimely and denies the motion on that ground. Of course, the text of Section 455 is silent on procedure and does not include a

1

timeliness requirement. However, most courts have read into the statute a timeliness requirement. *See* 13D CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3550 (3d ed. 2019) (collecting cases). The Sixth Circuit has done so recently in *Goward v. United States*, 569 F. App'x 408, 410–11 (6th Cir. 2014). There, Goward filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Id.* at 409. One of the errors Goward asserted was that the district judge presiding over his case could not fairly assess his claims of prosecutorial misconduct because the prosecutor who handled Goward's case had since become a magistrate judge in the same court. *Id.* at 410. The Sixth Circuit held that Goward had untimely raised the issue:

> Goward acknowledges that he did not move for or otherwise seek the district judge's disqualification, but does not explain why he failed to do so. He attempts to sidestep the issue by asserting that the magistrate and district judges must have recognized the conflict, that the district judge "chose to conceal the information which would have led to a disqualification motion," and that Goward was proceeding pro se. We are not convinced. The information on which Goward bases his claim for disqualification was a matter of public record. The issue is waived and no plain error has been shown in the failure to recuse sua sponte. Further, the allegation of bias has no factual support, especially where Goward's claims based on prosecutorial misconduct were procedurally defaulted and were not considered by the district court on the merits in any event.

*Id*. at 410–11.[1]

---

[1] The Court notes that in *Goward*, the Sixth Circuit was applying § 455(a) instead of § 455(b)(2). The Court sees no reason the timeliness requirement should not apply to § 455(b) as well. The fact that § 455(e) permits waiver of § 455(a) grounds, but not for § 455(b) grounds, is irrelevant because the issue is one of timeliness, rather than waiver:
> In assessing whether the arguments for a timeliness requirement have sufficient force, we observe that waiver and timeliness are distinct issues. . . . A timeliness requirement forces the parties to raise the disqualification issue at a reasonable time in the litigation. It prohibits knowing concealment of an ethical issue for strategic purposes. . . . A timeliness requirement under section 455(b) serves to protect against the same ploys as under section 455(a). However, the gains in judicial economy from a timeliness requirement are greater than those from permitting waiver. . . . Moreover, a timeliness requirement has an additional dimension: Prohibiting waiver may cost time and effort, but it is neutral with respect to expected outcome of the case, as any waiver that would have occurred but for the prohibition would have been one to which both parties had agreed. Lack of a timeliness requirement, though, would allow the losing party an increased chance of a new trial. Thus, policy reasons supporting a timeliness requirement appear to be stronger than those supporting a waiver option. Hence, we conclude that it is more consistent with the legislative purposes underlying the entirety of section 455 for us to construe both subsections (a) and (b) as requiring timeliness.

*United States v. York*, 888 F.2d 1050, 1054–55 (2d Cir. 1989).

This timeliness requirement applies to matters that are public knowledge, even if the movant does not in fact know them. *See Id.* ("The information on which Goward bases his claim for disqualification was a matter of public record."); *United States v. Siegelman*, 640 F.3d 1159, 1188 (11th Cir. 2011) ("The rule has been applied when the facts upon which the motion relies are public knowledge, even if the movant does not know them.") (citation omitted). "The purpose of the rule is to 'conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge.'" *Siegelman*, 640 F.3d at 1188 (citing *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997)).

Here, like in *Goward*, Layman did not seek recusal prior to the present motion to alter/amend. In the intervening period, Judge Edwards has ably resolved discovery issues and this Court has entered judgment. The information Layman needed to make a motion to recuse is in the public record and would have been available to him all along. The Court itself issued a public press release on July 13, 2018, which indicated Judge Edwards's prior experience at Frost Brown Todd.[2] Instead, Layman waited until the case was finally resolved, more than six months after Judge Edwards made her first ruling. Regardless, no error appears in Judge Edwards's decision not to recuse sua sponte.[3]

Therefore, Layman's motion (DN 44) is **DENIED**.

July 22, 2019

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court

---

[2] Press Release, United States District Court for the Western District of Kentucky, Regina S. Edwards Selected as U.S. Magistrate Judge (July 13, 2018), https://www.kywd.uscourts.gov/news/regina-s-edwards-selected-us-magistrate-judge.

[3] UPS has represented to the Court that neither Jennifer Asbrock nor Jennifer Bame (counsel for UPS in this action) worked at Frost Brown Todd when Judge Edwards worked there and have not practiced law with Judge Edwards in any capacity at any time. DN 45 at 3 n.1.

3